IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ZACHARY R. BAISDEN, | : | |
| | : | Case No. 2:13-cv-0992 |
| Plaintiff, | : | |
| | : | Judge Sargus |
| v. | : | |
| | : | Magistrate Judge Deavers |
| CREDIT ADJUSTMENTS, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

STIPULATED PROTECTIVE ORDER

This cause comes before the Court pursuant to the following stipulation of all parties, which the Court hereby approves; and thus, the Court being fully advised, IT IS HEREBY ORDERED as follows:

1.      As used herein, "Confidential Documents" means any documents, things, or information which a party believes in good faith contain (1) trade secrets; nonpublic personal information (as defined in 15 U.S.C. § 6809(4)); confidential or proprietary commercial information; social security number, driver's license number, or other personal identifying information; or information the disclosure of which would invade the privacy interests or rights of that party; or (2) a non-party's trade secrets, nonpublic personal information (as defined in 15 U.S.C. § 6809(4)); confidential or proprietary commercial information; social security number, driver's license number, or other personal identifying information; or information the disclosure of which would invade the privacy interests or rights of that non-party.

2.      A producing party ("Producing Party") may designate as "Confidential" any Confidential Documents it produces in this litigation to a receiving party ("Receiving

1

Party").  Further, any party may designate as "Confidential" any Confidential Documents produced in this litigation by any other party or any non-party pursuant to a document request or subpoena.

The parties may designate Confidential Documents pursuant to the terms of this Protective Order by: (i) the Producing Party printing or stamping "Confidential" on the materials at the time they are produced; (ii) in the case of materials produced by another party or a non-party, by a letter specifically identifying the materials being designated "Confidential" and served upon all parties within 30 days of receipt of the materials by the party making such designation; and (iii) in the case of Confidential Documents already produced prior to the entry of this Protective Order, by a letter specifically identifying the materials being designated "Confidential" and served upon all parties within 30 days of the entry of this Protective Order.

3.      Except as otherwise provided in this Protective Order and absent further order of this Court, Confidential Documents produced in this case shall not be used for any purpose other than the prosecution or defense of this captioned action, including all appeals, and shall not be shown, disseminated, or disclosed in any manner to anyone not authorized under this Protective Order.  However, nothing contained in this Protective Order shall prohibit any party from disclosing or providing his or her own documents to persons outside of those listed in paragraph 4.

4.      Confidential Documents shall be disclosed only to the following:

(a)      Counsel for the parties, their partners, associates and/or employees to whom disclosure is reasonably deemed necessary by said counsel for the conduct of this litigation;

(b)      The parties, including (1) present and former officers, directors, and employees of the parties who are providing assistance to counsel in the conduct of this litigation, where counsel reasonably

2

deems their assistance and disclosure of the Confidential Documents is necessary for the conduct of this litigation, and (2) family members of any party who are providing assistance to the party or counsel in the conduct of this litigation, where counsel reasonably deems their assistance and disclosure of the Confidential Documents is necessary for the conduct of this litigation;

(c) Any expert or consultant who is retained by a party or its counsel in order to assist in preparing for or in the conduct of this litigation;

(d) Any person or counsel for said person whom counsel for a party believes in good faith may be a witness or whose testimony is taken or expected to be taken in this litigation;

(e) Any person identified on the face of a document or otherwise known to have written or received the document in connection with the matters referred to in the pleadings;

(f) Court reporters while in the performance of their official duties;

(g) Outside photocopying or graphic production services engaged by counsel for services related to the conduct of this litigation;

(h) This Court, any other court to which any appeal of this litigation is taken, court personnel, and/or jurors; and

(i) Any other person if (i) the Producing Party agrees in writing or on the record, in advance of disclosure, after conferring in good faith with the Receiving Party that the person may have access to the Confidential Documents; or (ii) the Court orders upon Motion with good cause shown that the person may have access to the Confidential Documents.

5. Counsel for the parties shall ensure that each of the attorneys and/or individuals associated with them by employment or otherwise in the handling of this case have read and are familiar with the terms of this Protective Order. Counsel for the parties and each of the attorneys and/or individuals associated with them by employment or otherwise in the handling of this case shall be deemed to be bound by the terms of this Protective Order and subject to the jurisdiction of the Court for appropriate proceedings in the event of any violation or alleged violation of this Protective Order.

Before showing or divulging the contents of any of the Confidential Documents produced in this case to any person identified in paragraph 4(c), 4(d), or 4(e), counsel shall first obtain a signed statement from that person reciting that the person is familiar with the terms of this Protective Order and has agreed to abide by those terms. The requirement of obtaining such a signed statement may be satisfied by affixing the name, affiliation and business address, as well as obtaining the signature of such person, on a copy of this Protective Order. A copy of each such signed statement shall be retained by Receiving Party counsel for one (1) year after the conclusion of this case, including any appeal. A copy of the signed statement of any testifying expert or other testifying witness to whom Confidential Documents have been provided under this Protective Order, shall be provided to Producing Party counsel upon request on either the date of said witness' deposition or the date of disclosure of such person as a testifying witness. At the conclusion of this case, Receiving Party counsel shall retrieve all Confidential Documents from testifying experts, consulting experts, and any other person or entity to whom Confidential Documents have been disclosed pursuant to this Protective Order and otherwise comply with paragraph 13 hereof.

6.  All documents (including all briefs) constituting, containing, referring to, or otherwise disclosing Confidential Documents which are filed with (or otherwise submitted to) the Court shall be filed under seal in accordance with S.D.Ohio Civ. R. 79.3 and the Court's Preliminary Pretrial Order (Doc 11), p. 2. Before a Receiving Party files with the Court any documents (including all briefs) constituting, containing, referring to, or otherwise disclosing the Confidential Documents of a Producing Party, the Receiving Party shall provide to the Producing Party 7 days written notice in advance of the filing to

enable the Producing Party to seek and obtain a Court order permitting the filing to be made under seal. If the Producing Party fails to seek and obtain such a court order within the 7 day notice period, then the Receiving Party may proceed to file the documents unsealed.

Nothing in this Protective Order shall prevent the use of Confidential Documents at any hearing or the trial of this matter.

7.    Confidential Documents shall not be disclosed by counsel or otherwise made public except in compliance with the terms of this Protective Order. Nothing contained herein shall prohibit any party from producing Confidential Documents in response to any Court Order or any valid and enforceable subpoena, or from responding to a valid request for documents or information by a governmental agency. However, if any person or entity, other than those described in paragraph 4 or paragraph 5, seeks to obtain or compel a party to produce any Confidential Documents produced by any other party or non-party in this action, by requests for documents, subpoena, or other compulsory process, the party from which the Confidential Documents are requested and/or demanded shall promptly notify the Producing Party in writing of the demand in order to permit the Producing Party to assert all applicable rights and privileges with respect to the Confidential Documents, and shall advise the person or entity seeking production of Confidential Documents of the existence of this Protective Order. The Producing Party shall be responsible at its sole cost and expense for the timely assertion of all applicable rights and privileges relating to the Confidential Documents, including the filing of any motions, proceedings, or responses to any request for documents, subpoena, or other compulsory process.

8.     If a Receiving Party, or any person or entity to whom Confidential Documents have been disclosed pursuant to this Order, believes that Confidential Documents produced in this case should be used for any purpose other than those permitted by this Order, the party or witness shall first obtain the consent of the Producing Party for such disclosure.  If consent is not forthcoming, the party shall make a good faith effort to resolve such dispute with counsel for the Producing Party, explaining the reason(s) that the Confidential Documents should be used for purposes other than those permitted herein.  If the dispute cannot be resolved, either the Producing Party or the Receiving Party may apply to the Court for a determination concerning the propriety of using the Confidential Documents for purposes other than those permitted herein.

9.     The Receiving Party may object to the designation of particular material as Confidential by giving written notice to the Producing Party.  Such written notice shall identify that material to which the objection is directed and the basis of the objection.  If the Receiving Party and the Producing Party are unable to resolve their differences within ten days from the time the written notice is received, the Receiving Party may file an appropriate request for the Court to rule that the disputed material should not be subject to the protection of this Protective Order.  In the event that a designation of confidentiality is challenged, the burden of proof is on the proponent of the designation of confidentiality.  The disputed material shall remain subject to the terms of this Protective Order unless and until the Court rules otherwise.

10.     Deposition testimony may be designated Confidential by a statement on the deposition record or by a written statement served upon all other parties and the official court reporter within ten days after receiving a copy of the deposition transcript or

videotape.  All deposition transcripts and videotapes shall be treated as Confidential until the expiration of the ten business day period.

11.     Nothing in this Protective Order shall be interpreted to prohibit or prevent the Producing Party from using or discussing its own Confidential Documents for any purpose.  Any such use or discussion of Confidential Documents by the Producing Party shall not be deemed a waiver of the terms of this Protective Order.

12.     The inadvertent or unintentional production of documents containing or otherwise disclosing trade secrets; nonpublic personal information (as defined in 15 U.S.C. § 6809(4)); confidential or proprietary commercial information; social security number, driver's license number, or other personal identifier information; or information the disclosure of which would invade the privacy interests or rights of that party without being designated Confidential at the time of production or disclosure shall not be deemed a waiver in whole or in part of the claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter.  The issue of waiver, to the extent contested by the parties, shall be determined by this Court.  Any error in designation shall be corrected as soon as reasonably possible after the Producing Party becomes aware of the error, and any party who has disclosed or used such material prior to the correction by the Producing Party shall not be considered in violation of this Protective Order.

13.     The designation of materials as Confidential, pursuant to this Protective Order, shall not be construed as a concession by any party that such information is relevant or material to any issue or is otherwise discoverable or admissible as evidence.

14.     Within forty-five (45) days of the conclusion of all proceedings by settlement, adjudication, exhaustion of appeals, or otherwise, all Confidential Documents furnished pursuant to the terms of this Protective Order, any copies thereof, and any materials recording and/or otherwise containing said information or documentation, and which are not in the custody of the Court, shall be destroyed.  Upon request, the Receiving Party shall certify to the Producing Party that Confidential Documents produced by the Producing Party have been destroyed.  The parties may keep one copy of the records and documents produced in their closed files under confidential seal for the exclusive purpose of maintaining an accurate record of the work done on this case for liability/malpractice concerns.

15.     Each person to whom disclosure of Confidential Documents is made pursuant to this Protective Order shall subject himself to the jurisdiction of this Court for the purposes of proceedings in the event of any violation of this Protective Order.

16.     The parties shall not withhold from discovery Confidential Documents solely due to their status as such, and the parties are hereby authorized, directed, and expressly permitted to produce in discovery all Confidential Documents otherwise discoverable.

IT IS SO ORDERED.

s/ Elizabeth A. Preston Deavers
UNITED STATES MAGISTRATE JUDGE